FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2002 FEB 20  P 3:44

AT BALTIMORE

_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VALENCIA YVONNE HARGRAVE | * | |
| Plaintiff | * | |
| vs. | * | CIVIL ACTION NO. MJG-01-3544 |
| RUSSEL TOYOTA | * | |
| Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

The Court has before it Defendant's Motion to Dismiss and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

On September 25, 2000, Plaintiff's employment with Defendant was terminated. She timely filed an administrative complaint with the EEOC on April 2, 2001. Plaintiff received a "right to sue" letter from the EEOC on August 21, 2001. Plaintiff filed the instant lawsuit on November 21, 2001, ninety-two days after her receipt of the right to sue letter.

The relevant statute, 42 U.S.C. Section 2000e-5(f)(1) requires that lawsuits filed under Title VII be filed within 90 days of the Plaintiff's receipt of the EEOC right to sue letter. "The time limit is not flexible, even for pro se litigants, and a one-day delay is fatal." Davis v. Browner, 113 F.Supp.2d 1223, 1226 (N.D.Ill. 2000).

In response to the dismissal motion, Plaintiff asserts that during her twenty-one [sic] days to file suit, she was informed by her then employer to sign up for "Prepaid Legal Assistance." Whatever twenty-one day period Plaintiff may be referring to[1], she has not presented a basis on which the Court can find that she is excused from the ninety day deadline set forth in the standard EEOC right to sue letter.

For the foregoing reasons:

1. Defendant's Motion to Dismiss is GRANTED.

2. Judgment shall be entered by separate Order.

SO ORDERED this 19th day of February, 2002.

_____
Marvin J. Garbis
United States District Judge

---

[1] There does not appear to be any twenty-one day period to file suit.